IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALLACE JENKINS, | ) |
|       Plaintiff, | ) |
|    v. | )  02: 05cv0670 |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | ) |
|       Defendant. | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

August 24, 2006

**I.     Introduction**

Plaintiff, Wallace Jenkins, brought this action pursuant to 42 U.S.C.§ 1383(c)(3), which incorporates 42 U.S.C. § 405(g), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied his application for supplemental security income ("SSI") under title II of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383f.

**II.    Background**

    **A.    Facts**

Mr. Jenkins was born on December 10, 1960, and has a ninth-grade education. (R. at 14, 56.)  He has no past relevant work experience. Plaintiff alleges disability since January 15, 2000, due to stress, anger, and a learning disability. [1]

---

[1]     While Plaintiff has alleged disability as of January, 2000, he is ineligible for SSI during the period before January 2003, the month in which he protectively filed for
(continued...)

1

**B.      Procedural History**

Mr. Jenkins protectively applied for SSI on January 28, 2003.   An administrative hearing was held on December 15, 2004,  before Administrative Law Judge Elliott Bunce ("ALJ").   Mr. Jenkins was represented by counsel and testified at the hearing.   Also testifying at the hearing was Samuel Edelmann, M.Ed., an impartial vocational expert ("VE").

On February 1, 2005, the ALJ rendered a decision that was unfavorable to Mr. Jenkins. The ALJ determined that Mr. Jenkins' depression, anxiety, personality disorder, and borderline intellectual functioning were "severe" impairments, but that these impairments did not meet or medically equal the criteria of an impairment listed in Appendix 1, Subpart P, Part 404, 20 CFR.   The ALJ found that Mr. Jenkins retained "the residual functional capacity to perform work at any exertional level that does not require the following: more than simple, routine, repetitious tasks, with one or two-step instructions, performed in a low-stress environment, defined as work requiring few decisions; or more than occasional contact with the public, co-workers, or supervisors" and, therefore, was not "disabled" within the meaning of the Social Security Act ("the Act").  (R. at 23- 24.)  The ALJ's decision became final on March 18, 2005, when the Appeals Council denied Mr. Jenkins request for review. (R. at 4-9.)

On  May 17, 2005, Mr. Jenkins filed his Complaint in this Court, in which he seeks judicial review of the ALJ's decision.   The parties have filed cross-motions for summary

---

[1](...continued)
SSI. (R. at 19, 55-56). See also 20 C.F.R. §§ 416.330, 416.335, 416.501 (providing that payments of SSI benefits may not be made for any period that precedes the month in which an application for SSI is filed.)  In evaluating the evidence, the ALJ focused on the period on and after Plaintiff's protective filing date of January 28, 2003.

judgment.  Mr. Jenkins argues that the decision of the ALJ did not properly consider the medical opinion of his treating sources at Mercy Behavioral Health and requests that the Court remand the case for supplemental proceedings before the ALJ.  The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence.

After a careful review of the entire record, the Court finds that the ALJ failed to consider relevant, probative evidence and, therefore, will remand the matter to the Commissioner for reconsideration, rehearing, and/or further proceedings consistent with this Memorandum Opinion.  42 U.S.C. § 405(g); *Benton v. Bowen*, 820 F.2d 85, 89 (3d Cir. 1987).

### III.    Legal Analysis

#### A.    Standard of Review

The Act limits this Court's review of the Commissioner's final decision.  42 U.S.C. § 405(g).  If substantial evidence supports the Commissioner's decision, it must be affirmed by this Court.  *Id.*; *Schaudeck v. Comm'n of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is evidence that a reasonable person might accept as sufficient to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  It is more than a scintilla of evidence, but less than a preponderance.  *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five step sequential evaluation.  20 C.F.R. § 404.1520.  This process requires the Commissioner to consider, sequentially, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed

impairment, (4) can return to his past relevant work, and if not, (5) whether he can perform other work. *Id.*; *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 118-119 (3d Cir. 2000). If a claimant is not found to be disabled *per se* under the standard of step three, the analysis proceeds to steps four and five. *See* 20 C.F.R. § 404.1520(e); *Petition of Sullivan*, 904 F.2d 826, 839 (3d Cir. 1990) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 525 (1990)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423 (d)(1) (1982). This may be done in two ways:

> (1)  by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777;  or,
>
> (2)  in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available

in the national economy. *Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

In this case, the ALJ determined that Mr. Jenkins was not disabled within the meaning of the Act at the fifth step of the analysis. The ALJ based this conclusion on his finding that with vocational adjustment to work there were a significant number of jobs in the national economy that Mr. Jenkins could perform. (R. at 24.)

### B.  Discussion

*The ALJ did not properly evaluate the medical evidence of record and medical opinion of Mr. Jenkins' treating physician sources at Mercy Behavioral.*

Mr. Jenkins argues that the ALJ did not properly consider the medical opinion of his treating physician sources at Mercy Behavioral. The evidence of record reflects that Mr. Jenkins has been seen regularly for therapy and medical management at Mercy Behavioral since March 2003. "A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (internal citations omitted). Treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations. . . ." 20 C.F.R. §404.1527(d)(2).

> When a disability determination is unfavorable to a claimant, the decision
>
> *must contain specific reasons* for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Social Security Ruling 96-2p (1996) (explaining 20 C.F.R. § 416.1527(d)(2)) (emphasis added).

An ALJ may give a doctor's opinion less weight when it is inconsistent with or unsupported by the record, however, "where a report of a treating physician conflicts with that of a consulting physician, the ALJ must explain on the record the reasons for rejecting the opinion of the treating physician." *Allen v. Bowen*, 881 F.2d 37, 41 (3d Cir. 1989) (reversal where ALJ did not explain its reason for ignoring treating physician's physical limitation on claimant); *Brewster v. Heckler*, 786 F.2d 581, 585 (3d. Cir 1986) (reversal where ALJ rejected treating physician's medical opinion and adopted consulting physician's "suspect" opinion without explanation).

The record indicates that Mr. Jenkins has been routinely treated by a psychiatrist, therapist, and psychiatric nurse at Mercy Behavioral one to two times per month since March 2003. On July 22, 2003, Victor R. Adebimpe, M.D., performed an initial psychiatric examination at Mercy Behavioral Health. Dr. Adebimpe diagnosed Mr. Jenkins with depression and anxiety, and a possible learning disorder. Prognosis for recovery was considered guarded. (R. at 265-66). Dr. Adebimpe also determined that Mr. Jenkins' "global

assessment functioning" ("GAF") was 45, with an overall global assessment of 40 in the previous year.[2] (R. at 266).

Treatment notes of Mercy Behavioral from September 2003 through August 2004 indicate that there had been "no change" in Mr. Jenkins' condition. The last record on file from Mercy Behavioral, dated November 3, 2004, notes that Mr. Jenkins was "somewhat improved," but again notes that his GAF is 45. (R. at 253-54.)

In April 2003, Plaintiff was also evaluated by Lawrence B. Haddad, Ph.D., who performed a consultative psychological evaluation. Dr. Haddad's clinical impressions were personality disorder and borderline intellectual functioning. Dr. Haddad opined that Plaintiff had "poor" ability to deal with the public; deal with work stress; relate predictably in social situations; and understand, remember, and carry out complex job instructions. (R. at 131-32.) However, Dr. Haddad concluded that Mr. Jenkins could get along with family and friends; initiate social contacts; communicate adequately; interact appropriately with coworkers and individuals in authority; carry out simple, non-stressful instructions; perform simple activities within a schedule; attend to simple activities from beginning to end; sustain a routine; make simple decisions; and perform at a consistent pace. (R. at 131.)

The ALJ determined that Mr. Jenkins had the residual functioning capacity ("RFC") "to perform work at any exertional level that does not require:  more than simple, routine,

---

[2] The Global Assessment of Functioning ("GAF") scale considers a person's psychological, social, and occupational functioning on a hypothetical continuum of mental health. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000) (DSM-IV). A GAF of 41 to 50 indicates that an individual has serious symptoms or a serious impairment and occupational functioning. DSM-IV at 34. A GAF of 31 to 40 indicates a major impairment in several areas, such as mood, thinking, judgment, or school. Id.

repetitious tasks, with one-or two-step instructions, performed in a low-stress environment, defined as work requiring few decisions; or more than occasional contact with the public, co-workers, or supervisors." (R. at 21.) The ALJ further stated:

> The RFC is supported by the assessment of the state agency that the claimant's mental impairments are severe but not disabling and which supported its expert opinion with the thorough rationale of a reviewing doctor. <u>The treatment records of Mercy Behavioral Health do not require a different result</u>.

(R. at 21.)

As explained *supra,* it is well-settled that a treating physician's opinion deserves great weight because such opinion

> reflect[s] expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which support explanations are provided.

*Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999).

While the ALJ acknowledged that he had reviewed the medical records from Mercy Behavioral, and noted that "treatment notes [from Mercy Behavioral] showed GAF's of 35 and 45," the ALJ did not discuss how or why the records from Mercy Behavioral were consistent with his decision to deny benefits.

Moreover, the ALJ relied upon the Vocational Expert's ("VE") testimony concerning Mr. Jenkins' residual functional capacity which failed to take into account Dr. Haddad's opinion that the ability of Mr. Jenkins was no better than "poor" in his ability to deal with work stresses, relate predictably in social situations, and demonstrate reliability. The record reflects that the VE testified that with these additional limitations such a person "wouldn't be able to

maintain full-time competitive employment." (R. at 296-97.)  *See Podedworny v. Harris,* 745 F.2d 210, 218 (3d Cir. 1984) (instructing that it is error to rely on a vocational expert's testimony if the hypothetical does not accurately portray the individual's physical and mental impairments).

Given the failure of the ALJ to review and/or discuss the medical opinions of Plaintiff's treating physician sources at Mercy Behavioral, especially the low GAF ratings, this Court cannot find based on the record before it that the ALJ's decision sets forth "specific reasons for the weight given to the treating source's medical opinion." Social Security Ruling 96-2p. Accordingly, the Court will remand the matter to the Commissioner in order to develop the record with regard to the effect of the opinions of the treating physician sources at Mercy Behavioral regarding Mr. Jenkins' residual functional capacity.

### IV.     Conclusion

When reviewing a decision of the Commissioner to deny SSI, it is not this Court's function to substitute its judgment for that of the Commissioner.  The Commissioner's decision in the present case may otherwise be correct and nothing in this Memorandum Opinion should be taken to suggest that the Court has presently concluded otherwise.  However, in the absence of sufficient indication that the ALJ considered *all* the medical evidence of record, including the medical records and opinions from treating physician sources at Mercy Behavioral, the Court cannot satisfy its obligation to determine whether or not the Commissioner's decision is supported by substantial evidence.  Accordingly, this case will be remanded to the Commissioner for further consideration and/or proceedings consistent with this Memorandum Opinion.

An appropriate order follows.

                                      McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALLACE JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 05cv0670 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

**AND NOW**, this 24th day of August, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

1. The Motion for Summary Judgment filed by Plaintiff, Wallace Jenkins, is **GRANTED**;

2. The Motion for Summary Judgment filed by Defendant, Jo Anne B. Barnhart, Commissioner of Social Security is **DENIED**;

3. This case is **REMANDED** to the Commissioner for further consideration and/or proceedings consistent with the foregoing Memorandum Opinion of the Court; and

4. The Clerk shall docket this case closed forthwith.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Karl E. Osterhout, Esquire
Email: karl@keolaw.com

Paul Kovac,
Assistant U.S. Attorney
Email: paul.kovac@usdoj.gov